Filed 6/5/25  P. v. Cano CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL CANO,<br><br>    Defendant and Appellant. | A172941<br><br><br>(San Joaquin County<br>Super. Ct. No. STKCR2023157) |

Daniel Cano appeals from a judgment of conviction and sentence after he entered a guilty plea to murder (count 1; Pen. Code, § 187, subd. (a))[1] and admitted a personal use of a firearm enhancement within the meaning of section 12022.53, subdivision (b).[2]  His attorney filed a brief asking that we independently review the appellate record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), to determine if there is any arguable issue on appeal.  We find no arguable issue, and we affirm.

---

[1] All undesignated statutory references are to the Penal Code.

[2] This matter was transferred by California Supreme Court order on April 10, 2025, from the Third Appellate District to the First Appellate District.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 20, 2023, the San Joaquin County District Attorney filed an amended complaint charging defendant with the murder of Michael David McAtee, Sr. (§ 187, subd. (a); count 1); felon in possession of a firearm (§ 29800, subd. (a)(1); count 2); second degree robbery (§ 211; count 5); carjacking (§ 215, subd. (a); count 6); dissuading a witness (§ 136.1, subd. (a)(1); count 8); and pandering or procuring a person for prostitution (§ 266i, subd. (a)(1); count 10).[3]  The amended complaint alleged as to counts 1 and 5 enhancements for defendant's intentionally and personally discharging a firearm proximately causing great bodily injury within the meaning of section 12022.53, subdivision (d).  As to counts 1, 2, 5, 6, 8, and 10, it alleged defendant suffered a prior serious and/or violent felony conviction or "strike" within the meaning of sections 1170.12, subdivision (b), and 667, subdivision (d), subjecting defendant to sentencing under the "Three Strikes" law.  As to counts 1, 5, 6, and 8, the same prior conviction was alleged as a prior serious felony enhancement under section 667, subdivision (a)(1).  As to count 8, the amended complaint alleged enhancements for the personal use of a firearm pursuant to sections 1203.06, subdivision (a)(1), and 12022.5, subdivision (a).  In addition, multiple aggravating circumstances were alleged as to the various counts pursuant to California Rules of Court, rule 4.421(a)–(b).

On February 21, 2024, defendant entered a plea of guilty to first degree murder (Pen. Code, § 187, subd. (a); count 1) and admitted the prosecution's amended enhancement for personal use of a firearm pursuant to Penal Code section 12022.53, subdivision (b) in connection with count 1.  The prosecution

---

[3] Three other defendants were also charged with various counts in the amended complaint.

2

dismissed all remaining charges, enhancements and aggravating circumstances alleged against defendant. The parties stipulated to the following factual basis in support of the plea: "On December 12th of 2022, in San Joaquin County, the defendant did conspire to rob the victim, along with three other people. When the victim arrived, he was taken to the hotel room, up to a hotel room, by another co-defendant. Mr. Cano then followed the victim up to the hotel room where he demanded that the victim—demanded money from the victim at gunpoint. [¶] At some point [a codefendant] instructed Mr. Cano to fire at the victim. Mr. Cano did fire at the victim, shooting the victim and ultimately causing the victim's death." The trial court found a factual basis for the plea and found that defendant knowingly, intelligently and voluntarily waived his constitutional rights. Pursuant to the plea agreement, the trial court sentenced defendant to 25 years to life on count 1, plus a determinate term of 10 years for the Penal Code section 12022.53, subdivision (b) firearm enhancement. It further ordered a $300 restitution fine (Pen. Code, § 1202.4); a $30 criminal conviction assessment (Gov. Code, § 70373); a $40 court security fee (Pen. Code, § 1465.8); and victim restitution of $1,266. It imposed and stayed a parole revocation restitution fine (Pen. Code, § 1202.45). Defendant was awarded 415 days of custody credits.

Defendant filed a notice of appeal challenging the validity of the plea, the sentence or other matters that do not affect the validity of the plea. He filed a request for a certificate of probable cause to challenge the validity of the plea. The trial court denied the request for probable cause.

## DISCUSSION

Defendant's attorney represents in the opening brief that she advised defendant that a *Wende* brief would be filed and that defendant could file a

3

supplemental brief within 30 days to raise any matters he wanted to bring to our attention. The 30-day period has expired, and defendant has not filed a supplemental brief.

As noted, the trial court denied defendant's request for a certificate of probable cause. Thus, our review is limited to issues regarding defendant's sentence or matters occurring after the plea that do not affect the validity of the plea. (§ 1237.5; Cal. Rules of Court, rule 8.304(b).) We have examined the entire record and are satisfied that defendant's appellate counsel fully complied with her responsibilities and that there are no arguable issues on appeal. (*Wende, supra*, 25 Cal.3d at pp. 440–441.) The sentence imposed is correct and consistent with defendant's plea agreement.

## DISPOSITION

The judgment is affirmed.


Jackson, P. J.


WE CONCUR:

Simons, J.
Chou, J.


A172941/*People v. Daniel Cano*